```
                 IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KAMAL K. ROY,                        :     CIVIL ACTION
                                     :     NO. 15-3538
          Plaintiff,                 :
                                     :
     v.                              :
                                     :
U.S. GOVERNMENT AT WHITE HOUSE,      :
DC, et al.,                          :
                                     :
          Defendants.                :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              February 3, 2017

Plaintiff Kamal K. Roy ("Plaintiff"), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against former President Barack H. Obama; numerous state and federal governmental entities, several of which do not appear to exist; and two individuals identified only by last name.[1] The Court dismissed Plaintiff's complaint without prejudice and without granting leave to amend. Plaintiff has filed a motion for

---

[1] Plaintiff's complete list of defendants is the United States Government at the White House; former President Barack H. Obama; Mr. Donovan; North Shore et al.; the World Religions Group; Borough Hall; the United States Department of Religions; the United States Antitrust Land Will Illegal Help; Mr. Tribie; Prayer of Connection of D.O.B.G.; the United States Supreme Court; the Speaker of the House of Representatives; the United States Senate; the County of Richmond, New York; and the United States Department of the Treasury. ECF No. 1.

relief from the Court's order under Federal Rule of Civil Procedure 60(b). For the reasons discussed below, the Court will deny Plaintiff's motion.

I. **BACKGROUND**

Plaintiff's complaint consists of unintelligible handwritten notes on a form complaint for a civil action, followed by over a hundred pages of exhibits containing additional handwritten notes on assorted documents. See ECF No. 1. While Plaintiff's complaint is unclear, it appears Plaintiff may be attempting to assert claims based on the alleged violation of his constitutional rights.

Plaintiff filed this action on June 22, 2015,[2] together with an application to proceed in forma pauperis. ECF No. 1. The Court granted Plaintiff in forma pauperis status on June 29, 2015, but in the same order, dismissed Plaintiff's complaint on

---

[2] This is the thirteenth civil action Plaintiff has filed in this Court over the past seven years. The complaints in each of Plaintiff's previous actions, which the Court dismissed, also consisted of unintelligible handwritten notes on various documents. See No. 13-4735, ECF Nos. 1, 2; No. 13-1908, ECF Nos. 2, 3; No. 13-0216, ECF Nos. 2, 3; No. 12-7070, ECF Nos. 2, 3; No. 12-6240, ECF Nos. 2, 3; No. 12-5636, ECF Nos. 1-2, 2; No. 12-5159, ECF No. 2; No. 12-4857, ECF Nos. 2, 3; No. 12-4152, ECF Nos. 2, 3; No. 12-1371, ECF Nos. 2, 3; No. 11-5190, ECF Nos. 2, 3; No. 09-4851, ECF No. 2. Plaintiff filed appeals in three of these cases, all of which were unsuccessful. See No. 13-4735, ECF No. 5 (dismissing appeal for failure to timely prosecute); No. 12-4152, ECF No. 7 (affirming judgment); No. 12-1371, ECF No. 7 (dismissing appeal for lack of jurisdiction because appeal was untimely).

2

the basis that it is "rambling and incomprehensible, and fails to comply with Federal Rule of Civil Procedure 8(a)."  ECF No 2.  The order stated that the complaint was dismissed "without prejudice," but then stated that Plaintiff "is not given leave to amend because the Court finds that amendment would be futile."  Id.

Plaintiff filed a notice of appeal from the Court's order on August 6, 2015.  ECF No. 4.  On October 2, 2015, the Third Circuit dismissed his appeal for failure to timely prosecute insofar as Plaintiff failed to file a brief and appendix as directed.  ECF No. 6.

On October 24, 2016, Plaintiff filed the instant motion, which he states is a "motion under rule FRCP 60B for new trial" and "request change to order."  Pl.'s Rule 60(b) Mot., ECF No. 7.  While Plaintiff's motion, like his complaint, is handwritten and unclear, he appears to argue that (1) the order is defective because it does not list all of the names of the parties, so it could not be served on the defendants; and (2) the order violates his constitutional rights.  Id. at 1.  Plaintiff has attached several documents to his motion, including (1) the Court's June 29, 2015, order; (2) a letter he sent to the Federal Election Commission asking to be registered as a candidate for U.S. President; (3) a statement of the nursing services provided by his managed long term care program;

3

and (4) correspondence regarding taxes for an entity called Handicap Interests International. See id. at 2-10. The remainder of Plaintiff's motion consists of unintelligible handwritten pages. Id.

The defendants in this action were not served with the Complaint, and, accordingly, have not filed a response to Plaintiff's motion.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b) provides six grounds for relief from an order or judgment:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion filed under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). With respect to a motion filed under Rules 60(b)(1), (2), or (3), the

motion must be made "no more than a year after the entry of judgment or order or the date of the proceeding." Id.

Pro se plaintiffs are held to a less stringent standard than individuals represented by counsel. Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008). A pro se litigant's compliant should be "liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

However, a pro se plaintiff is still required to adhere to the rules of civil procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993); Haines v. Kerner, 404 U.S. 519, 520 (1972). Even though a plaintiff is pro se, he or she must "set forth sufficient information to outline the elements of [his or her] claim." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A C. Wright & A. Miller, Federal Practice and Procedure § 1357, at 340 (2d ed. 1990)). Thus, a pro se plaintiff is required to present enough factual allegations for the court, accepting those allegations as true, to determine whether there are plausible claims that the defendants violated the plaintiff's federal rights. See id.

**III. DISCUSSION**

While it is unclear what ground(s) for relief under Rule 60(b) Plaintiff intends to assert in his motion, the Court finds that Plaintiff's motion must be dismissed because he has failed to meet the requirements for any of the six grounds listed in Rule 60(b).

Any motion filed on the basis of the grounds listed in Rules 60(b)(1), (2), and (3) must be filed no more than one year after the order or judgment at issue. Fed. R. Civ. P. 60(c)(1). Plaintiff filed his Rule 60(b) motion on October 24, 2016, more than sixteen months after the Court's June 29, 2015, order dismissing his complaint. Therefore, to the extent Plaintiff's motion is based on one of the grounds listed in Rules 60(b)(1), (2), or (3), the motion must be denied.

Plaintiff also cannot meet the requirements for the grounds stated in Rule 60(b)(4) or Rule 60(b)(5). Rule 60(b)(4) applies where the judgment is "void," which occurs when the district court "lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by the law.'" Marshall v. Bd. of Educ., 575 F.2d 417, 422 (3d Cir. 1978) (quoting United States v. Walker, 109 U.S. 258, 266 (1883)). Those circumstances do not apply here. Nor does the order dismissing Plaintiff's complaint fall into any of the three categories listed in Rule 60(b)(5): Plaintiff

has not established that the judgment has been satisfied, released, or discharged, or that it is based on an earlier judgment that has been reversed or vacated, or that applying it prospectively is no longer equitable.

The sole remaining ground for relief is Rule 60(b)(6), "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Third Circuit has explained that a party is entitled to relief under Rule 60(b)(6) only upon demonstrating "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Cox v. Horn, 757 F.3d 113, 115 (3d Cir. 2014) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)). Plaintiff's complaint was dismissed because it is unintelligible and does not contain a statement of a claim in accordance with Rule 8(a). Plaintiff has not provided any intelligible basis for the Court to determine that an extreme and unexpected hardship would occur should the Court deny Plaintiff's motion for relief from the order. Indeed, Plaintiff's complaint was dismissed without prejudice, which allows him to file another action if he believes he has a valid claim for relief. Accordingly, Plaintiff does not qualify for relief from the Court's order under Rule 60(b)(6).

**IV. CONCLUSION**

For the reasons stated above, the Court will deny Plaintiff's Rule 60(b) motion for relief from the Court's order dated June 29, 2015.

An appropriate order follows.